**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE OF CONNECTICUT, <br><br>         Plaintiff, <br><br>   v. <br><br> EIDP, INC.; DUPONT DE NEMOURS, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; and 3M COMPANY, <br><br>         Defendants. | Case No. 3:24-cv-00239-SRU <br><br> District Judge Stefan R. Underhill |

<u>**DEFENDANT 3M COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

3M respectfully submits this notice of supplemental authority to inform the Court of *People ex rel. Raoul v. 3M Co.*, 2024 WL 3682099 (7th Cir. Aug. 7, 2024) (published), which supports denial of Connecticut's motion to remand to state court.

In *Raoul*, Illinois sued 3M in state court seeking recovery for damages resulting from PFAS contamination emanating from a 3M manufacturing facility in Cordova, Illinois. In an attempt to avoid federal jurisdiction, the complaint "expressly excluded" liability based on contamination resulting from AFFF as a basis for recovery. Op.2-3. After 3M removed the matter to district court on federal-officer grounds, the district court remanded. Op.2. The Seventh Circuit affirmed the remand order. Relying on *Baker v. Atlantic Richfield Co.*, 962 F.3d 937 (7th Cir. 2020), the Seventh Circuit recognized that the government-contractor defense raised by 3M is "viab[le]" even when a plaintiff "disclaim[s]" recovery for certain contamination, such as Illinois's attempt to disclaim recovery for AFFF, because "a factfinder would need to apportion the contamination"

between sources. Op.4. That task presents "'difficult causation question[s] that,'" under the federal-officer removal doctrine, "'a federal court should be the one to resolve.'" *Id.*

But during oral argument, Illinois "expressly agreed that a factfinder will not need to apportion the PFAS contamination between sources" because it conceded that it may recover only "in areas where the contamination is *wholly derived* from" non-AFFF PFAS. Op.5 (emphasis added). In those circumstances, "even a morsel" of PFAS from AFFF would bar Illinois from recovering. *Id.* On that understanding alone, *Raoul* held that the case could proceed in state court.

Connecticut has made no comparable concession. Quite the opposite: Connecticut insists the factfinder *will* need to apportion the contamination between AFFF and non-AFFF PFAS, arguing that "[i]f the factfinder determines that the PFAS contamination was caused in part by MilSpec AFFF, then the State's recovery will be reduced accordingly." Reply in Supp. of Mot. for Remand 7, ECF No. 50. Connecticut contends that commingling PFAS from AFFF and non-AFFF sources "cannot form the basis for removal," Mem. in Supp. of Mot. for Remand 15, ECF No. 41-1, but *Raoul* explained that unless a case is limited to areas where "100% of [the] contamination" is from non-AFFF PFAS, it will involve "'difficult causation question[s]'" that are to be resolved by a federal court. Op.4-5. Connecticut has argued that *Baker* is inapposite in PFAS cases, Reply 5, but *Raoul* clearly rejects that suggestion. Under *Raoul*, even when a party disclaims AFFF-related recovery, a federal court must decide any remaining apportionment questions. Op.4-5. Because Connecticut agrees that apportionment could be required here, this Court should follow *Raoul* and reverse the district court's remand order.

Respectfully submitted,

August 27, 2024                     */s/ James I. Glasser*
                                   James I. Glasser
                                   Federal Bar No. CT07221
                                   Kevin M. Smith
                                   Federal Bar No. CT24774
                                   Wiggin and Dana LLP
                                   One Century Tower
                                   265 Church Street
                                   New Haven, CT 06510
                                   (203) 498-4400
                                   jglasser@wiggin.com
                                   ksmith@wiggin.com

                                   *Counsel for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2024, I caused the foregoing Notice of Supplemental Authority to be filed with the Clerk of the Court via the CM/ECF system, which will serve notice of the filing upon all counsel of record.

*/s/ James I. Glasser*